David MOORE and Janette Moore,
Plaintiffs–Appellants,

v.

Robert GUESNO, Santo Consiglio, Vito Consiglio, Emmett Milks, Ruth Milks, Dennis Vergason, David Davis, James Case, Donald Parker, Matt Remi, Michael Grover, Gerald Stout, and Thomas Reh, Defendants–Appellees.,

John Does 1–10 and Jane Does 1–10, Defendants.

No. 07–2463–cv.

United States Court of Appeals, Second Circuit.

Dec. 1, 2008.

**18**

John M. Regan, Esq., Regan & Regan, Rochester, New York, for Appellants.

Jeremy A. Colby, Esq., Webster Szanyi, LLP, Buffalo, New York, for Appellees Stout and Reh.

Joseph B. Rizzo, Esq., Gallo & Iacovangelo, LLP, Rochester, New York, for Appellees Guesno, Milks, Vergason, Parker, Remi, and Grover.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. RICHARD J. ARCARA, District Judge.[1]

### SUMMARY ORDER

David and Janette Moore, husband and wife, appeal from an Order of the United States District Court for the Western District of New York (Larimer, J.) dismissing their civil RICO complaint for failure to state a claim. Following a confrontation with his future father-in-law, David Moore was arrested and pled guilty to coercion in the first degree, a conviction that has not been overturned. Moore now claims that the charges against him were the result of a conspiracy between his wife's father and numerous local government officials. The district court granted defendants' motions to dismiss on the grounds that (1) plaintiffs lack standing; (2) the complaint fails to

allege a pattern of RICO activity; (3) Moore's claim is precluded by the favorable termination rule of *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994); (4) the complaint fails to allege a RICO conspiracy; and (5) the complaint fails to allege the requisite impact on interstate commerce. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

■ Janette Moore argues that she has standing to pursue her civil RICO claims because she suffered injury to her marital property when David Moore lost an opportunity to negotiate for an infomercial contract following his arrest. But the Moores were not married until after the contract had been cancelled, and Janette Moore's anticipated marital interest in the expected proceeds of the contract are too speculative to support RICO standing. *See Hecht v. Commerce Clearing House, Inc.,* 897 F.2d 21, 24 (2d Cir.1990) (alleged loss of future commission too speculative an injury to support RICO standing). Janette Moore therefore lacks standing to pursue her civil RICO claims, and the district court's dismissal of that claim must be affirmed.

■ David Moore argues that he has sufficiently pled a pattern of RICO activity. A RICO plaintiff must plead at least two acts constituting a pattern of racketeering activity. 18 U.S.C. § 1961(5); *DeFalco v. Bernas,* 244 F.3d 286, 306 (2d Cir.2001). He must also "show that the predicate acts are related, and that they amount to, or pose a threat of, continuing criminal activity." *Schlaifer Nance & Co. v. Estate of Warhol,* 119 F.3d 91, 97 (2d Cir.1997). Moore has pled the following

---

1. The Honorable Richard J. Arcara, United States District Court for the Western District of New York, sitting by designation.

alleged predicate acts: (1) an extortion scheme whereby Ruth Milks overcharged parking tickets and pocketed the proceeds; (2) intimidation of a witness by Donald Parker and Gerald Stout to prevent her from testifying in a 1993 child molestation case; (3) intimidation of a young woman by James Case to prevent the woman from pursuing a complaint against Case's son for sexual assault; and (4) intimidation of Moore's friend Bruce Calkins by Vito Consiglio and Robert Guesno, for reasons unclear, by running Calkins's car off the road, charging Calkins with illegal dumping, "accosting" Calkins in a grocery store parking lot, and issuing parking tickets to supporters of Calkins's mayoral campaign. Taken in a light most favorable to Moore, these unrelated acts do not constitute a pattern of RICO activity.

Accordingly, we hereby **AFFIRM** the judgment of the district court.